[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Each of the above entitled four cases is a tax appeal. Each appeal claims that the Town of Wolcott assessment on the property that is the subject of the appeal is excessive. The following is a brief description of the property that is the subject of the appeals: (The prefix "CV95" is omitted.)
In #126364, the owner of the property at the time the appeal was taken was Barratt Tool Co. It's property consisted of two pieces located at 36 Wakelee Rd., Wolcott, on 1.04 acre piece, a manufacturing plant exists and the other parcel of 20 acres is land only. This property will be referred to as "Barratt Tool Property".
In #126031, the owner of the property is Brian Borghesi located at 102 Wolcott Road, Wolcott. On this .83 of an acre is located an office building. This property will be referred to as "Borghesi Property."
In case #126229, the owners of the property are Adelard LeFrancois and Bridget LeFrancois. Their property consisting of .97 of an acre is located at 30 Tosun Road, Wolcott, CT and consists of a commercial building with offices on the second floor and garages and facilities for a construction company on the ground floor. This property will be referred to as "LeFrancois Property."
In case #126037, the owner of the property is Garden Apartments West, Inc. This property consists of a two-story commercial building of 13,602 square feet on .50 of an acre. This property will be referred to as "Garden Apartments Property."
The Town of Wolcott conducted its last, town-wide decennial revaluation as of the Grand List of October 1991. Carol Byram, the Tax Assessor for the town testified that at some time in 1991 she received a phone call advising her that the four properties in question was in a zone designated as a "Superfund" location being on the "National Priorities List" (NPL) for CT Page 5328 investigation and cleanup. She further testified that no notice of the property being in the Superfund Area was given to any of the appellants herein and no notice was placed on the land records of the town.
Upon learning, in 1993 of the designation of their properties as within a Superfund Area, appellants appealed town tax assessments on the Grand List of 1994 to the Board of Tax Review of the Town of Wolcott claiming to be aggrieved by the actions of the assessor. The Board made no changes in the subject valuations. From the actions of the Board of Tax Review appellants brought these appeals. As the basis of four appeals involved the same questions of law and fact, i.e., that the effect of designation as a Superfund site was not considered in determining value of their property, all of these cases were consolidated to be heard together. Plaintiffs also amended their complaints to include their objection to valuation on the Grand Lists of 1995 and 1996. (Time for appealing from the assessments on the Grand List of 1997 had not expired at the time these cases were heard.)
Appellants claim to be aggrieved by the valuation placed on their property by the assessor and claim that same is excessive, disproportionate and unlawful. To determine if a plaintiff has been aggrieved so as to be subject to unjust taxation, the court tries the matter de novo. O'Brien v. Board of Tax Review,169 Conn. 129 (1974).
Appellants claim in their complaint that the designation of their property within a superfund area was not known to the assessor in 1991 and therefore not taken into consideration in valuing appellants property. However, the testimony of Assessor Carol Byram and Damon Brasch who had worked for Sabre System, the company doing the revaluation in 1991, was that the designation of appellant's property as within a Superfund site was known to them but that it was not taken into consideration as a factor in determining the valuation of subject property. The court finds that appellants are aggrieved by the actions of the Board of Tax Review.
It is clear that a property owner need not appeal in the actual year of revaluation for he can appeal in any subsequent Grand List year, but he does so by challenging the original decennial revaluation determined by the assessor. JuniperRealty Co. v. Board of Tax Review, 242 Conn. 363 (1997). The proof necessary in such an appeal, however, is evidence that the assessor violated § 12-64 when the property was originally CT Page 5329 revalued. In order to do so, evidence must be submitted by the plaintiff demonstrating the proper value of the property as of the last revaluation date. Uniroyal v. Board of Tax Review,182 Conn. 619 (1981).
Appellants and defendant both called real estate appraisers as experts to testify as to the value of the property. Plaintiff's expert, Louis Galullo appraised the property as of 1989 rather than 1991 and arrived at the following.
1. No. 95-0126364 — Barratt Tool Co. property located at 36 Wakelee Road, Wolcott.
Town Assessment:
 Gross Fair Market Value $288,300.00 Assessed Value at 70% $201,831.00
Plaintiff's Appraiser
 Gross Fair Market Value $184,700.00 Assessed Value at 70% $129,290.00
2. No. 95-012603 — Garden Apts. West v. Town of Wolcott. Property located at 33 Wolcott Road.
Town Assessment:
 Gross Fair Market Value $408,160.00 Assessed Value at 70% $285,712.00
Plaintiff's Appraiser
 Gross Fair Market Value $271,140.00 Assessed Value at 70% $189,798.00
3. No. 95-0126031 — Brian P. Borghesi v. Town of Wolcott. Property located at 102 Wolcott Road, Wolcott.
Town Assessment:
 Gross Fair Market Value $373,390.00 Assessed Value at 70% $261,373.00
Plaintiff's Appraiser CT Page 5330
 Gross Fair Market Value $247,100.00 Assessed Value at 70% $172,970.00
4. No. 95-0126229 — Adelard LeFrancois v. Town of Wolcott. Property located at 30 Tosun Road.
Town Assessment:
 Gross Fair Market Value $295,720.00 Assessed Value at 70% $207,004.00
Plaintiff's Appraiser
 Gross Fair Market Value $244,600.00 Assessed Value at 70% $171,220.00
Appraiser Galullo used both comparable sales and income approach. However, he testified that while he received a list of contaminated properties from the Department of Environmental Protection, he didn't find anything that he could use in his analysis. He testified as to the "stigma" to appellant's properties because of the NPL designation and as to time value of money theories used to arrive at his figures.
The town called Robert J. Nocera as its appraiser. Nocera testified that he had compared sales in Durham and other property in Wolcott within the Superfund designated area and found a 6% downward value to Durham property and 8% negative variance on Wolcott properties in the NPL area, and concluded that the negative impact for properties in a designated NPL area is in the range of 5% to 10%.
The court adopts the reasoning of the town's appraiser and reduces the value of each property by 10% as follows:
1. No. 95-0126364 — Barratt Tool Co., 36 Wakelee Road.
Town Assessment:
 Gross Fair Market Value $288,300.00 Reduced by 10% $259,470.00 New Assessed Value @ 70% $181,629.00
2. No. 95-0126037 — Garden Apts. West, 33 Wolcott Road. CT Page 5331
Town Assessment:
 Gross Fair Market Value $408,160.00 Reduced by 10% $367,344.00 New Assessed Value $257,140.80
3. No. 95-0126031 — Brian Borghesi, 102 Wolcott Rd.
Town Assessment:
 Gross Fair Market Value $373,390.00 Reduced by 10% $336,051.00 New Assessed Value $235,235.70
4. No. 95-0126229 — Adelard LeFrancois, 30 Tosun Road.
Town Assessment:
 Gross Fair Market Value $295,720.00 Reduced by 10% $266,148.00 New Assessed Value $186,303.60
Accordingly, judgment enters sustaining the appeal as set forth above, applicable to the Grand Lists of 1994, 1995, 1996. Costs are to be taxed.
KULAWIZ, J.